**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3917-16T2

CAROL CASSELLI,

    Plaintiff-Respondent,

v.

THOMAS OECHSNER, a/k/a TOMMY
X. TAYLOR a/k/a TOMMY TAYLOR
a/k/a THOMAS X. TAYLOR a/k/a
THOMAS TAYLOR,

    Defendant-Appellant.

_____

Argued May 23, 2018 — Decided June 26, 2018

Before Judges Koblitz, Manahan and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Docket No.
L-9604-15.

Steven A. Varano argued the cause for
appellant (Law Offices of Steven A. Varano,
P.C., attorneys; Steven A. Varano, Joseph P.
Slawinski, Ilya Kraminsky and Albert Seibert,
on the brief).

Craig Weinstein argued the cause for
respondent (The Law Offices of Craig
Weinstein, attorneys; Craig Weinstein and
Katherine Moore, on the brief).

PER CURIAM

Defendant Thomas Oechsner appeals from an April 4, 2017 judgment for $85,000 plus interest, entered after a three-day non-jury trial. Deferring to the court's credibility findings as we must, we affirm.

In 2011, plaintiff Carol Casselli met defendant at the Player's Club, a gentlemen's club in South Hackensack where plaintiff was the manager. In June or July of that year, defendant began borrowing money from plaintiff in cash. As security for the loans, defendant provided plaintiff with post-dated checks.

Towards the end of 2011, defendant borrowed a significant cash lump sum from plaintiff. Defendant testified he borrowed $50,000 from plaintiff and agreed to pay back $100,000 within two years, while plaintiff testified she loaned defendant $128,250. Defendant provided plaintiff with post-dated checks for this transaction also. In January 2012, plaintiff's attorney drafted a $128,250 promissory note, which defendant signed in April 2012.

Defendant testified he made cash payments until the $100,000 he agreed to pay was repaid in full in December 2013. Plaintiff testified defendant stopped making payments in January 2014, although the debt was not repaid. In March 2014, plaintiff deposited the post-dated checks plaintiff had given her, which were returned for lack of funds.

2

On May 12, 2014, plaintiff presented defendant with a handwritten letter stating he owed $85,000 on the promissory note, which he signed two days later. Defendant added a note saying that no criminal charges could be filed against him.

Plaintiff did not receive any further payments from defendant after this letter was signed. She filed criminal charges and, although defendant was arrested and indicted for eighteen counts of issuing bad checks, N.J.S.A. 2C:21-5, the indictment was subsequently dismissed.

After the non-jury trial, the trial court gave a comprehensive, well-reasoned oral decision finding the testimony of both parties improbable and incredible. The court found defendant's signature on the promissory note proved the existence of a loan and agreement between the parties. Based on the signed handwritten letter, the court found the parties acknowledged the amount due on the earlier note as $85,000. The court rejected defendant's fraud in the inducement, usury, and duress defenses and entered judgment in favor of plaintiff.

In a non-jury trial, the trial court's factual findings "should not be disturbed unless they are so wholly insupportable as to result in a denial of justice." Jecker v. Hidden Valley, Inc., 422 N.J. Super. 155, 163 (App. Div. 2011) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974)).

A-3917-16T2

"We defer to the credibility determinations made by the trial court because the trial judge 'hears the case, sees and observes the witnesses, and hears them testify,' affording it 'a better perspective than a reviewing court in evaluating the veracity of a witness.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). "Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark'" should an appellate court "interfere to 'ensure that there is not a denial of justice.'" Ibid. (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)).

"A trial court's interpretation of the law and the legal consequences that flow from established fact are not entitled to any special deference." The Palisades At Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995)).

Defendant contends his testimony was credible and argues the trial court's findings of fact are not supported by the credible evidence present in the record. "[F]indings by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall, 222 N.J. at 428. "A trier of fact 'is free to weigh the evidence and to reject the testimony of a witness'" if it "contains inherent improbabilities or

contradictions which alone or in connection with other circumstances in evidence excite suspicion as to its truth." CPC Int'l, Inc. v. Hartford Accident & Indem. Co., 316 N.J. Super. 351, 375 (App. Div. 1998) (quoting In re. Estate of Perrone, 5 N.J. 514, 521-22 (1950)).

The trial court found defendant's signature on the promissory note proved the loan and was subject only to defendant's defenses. Defendant's testimony was insufficient to sustain his affirmative defenses of fraudulent inducement or usury.

The only testimony at trial came from the parties. The trial court was free to reject the parties' testimony and rely instead on the documentary evidence. The court found defendant's testimony that the underlying transaction was a loan of $50,000 to be repaid by $100,000 within two years improbable, incredible, and not supported by the evidence in the record. Although defendant submitted evidence of post-dated checks as allegedly corroborating his testimony, the checks did not speak to the issue that the original loan amount was $50,000 and required repayment of double that amount within two years. The court found that the only competent believable evidence of an agreement between the parties were the promissory note and the handwritten letter, both of which were signed by both parties.

Similarly, the court found defendant's testimony that he repaid the full $100,000 not credible. Defendant claimed he paid plaintiff in cash and did not ask for or receive receipts for those payments. The only evidence in the record of payments from defendant to plaintiff was $7000 in money order payments from March to April 2012.

Well-settled contract law provides that "courts enforce contracts 'based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract.'" In re. Cty. of Atlantic, 230 N.J. 237, 254 (2017) (quoting Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 118 (2014)). "A reviewing court must consider contractual language 'in the context of the circumstances' at the time of drafting and . . . apply 'a rational meaning in keeping with the expressed general purpose.'" Ibid. (alteration in original) (quoting Sachau v. Sachau, 206 N.J. 1, 5-6 (2011)). "The primary standard governing the interpretation of an integrated agreement is to use 'the meaning that would be ascribed to it by a reasonably intelligent person who was acquainted with all the operative usages and circumstances surrounding the making of the writing." YA Global Invs., L.P. v. Cliff, 419 N.J. Super. 1, 11 (App. Div. 2011) (quoting Deerhurst Estates v. Meadow Homes, Inc., 64 N.J. Super. 134, 149 (App. Div. 1960)).

"'[I]f the contract into which the parties have entered is clear, then it must be enforced' as written." In re. Cty. of Atlantic, 230 N.J. at 254 (alteration in original) (quoting Maglies v. Estate of Guy, 193 N.J. 108, 143 (2007)).

Defendant argues the trial court erred in applying the parol evidence rule because parol evidence is admissible to show the existence of or lack of consideration to support a contract. Defendant highlights plaintiff's inconsistencies between her grand jury testimony and her trial testimony regarding the manner in which the $128,250 was allegedly loaned to defendant.

"In general, the parol evidence rule prohibits the introduction of evidence that tends to alter an integrated written document." Chance v. McCann, 405 N.J. Super. 547, 563 (App. Div. 2009) (quoting Conway v. 287 Corp. Ctr. Assocs., 187 N.J. 259, 268 (2006)). "[T]here is a 'distinction between the use of evidence of extrinsic circumstances to illuminate the meaning of a written contract, which is proper, and the forbidden use of parol evidence to vary or contradict the acknowledged terms of an integrated contract.'" YA Global Invs., 419 N.J. Super. at 12 (quoting Garden State Plaza Corp. v. S.S. Kresge Co., 78 N.J. Super. 485, 497 (App. Div. 1963)).

The promissory note does not provide the amount of consideration received by defendant, but merely recites "[i]n

return for value received." Defendant claims he was only loaned $50,000, while plaintiff claims she loaned defendant $128,250. The trial court rejected both parties' testimony as not credible. Turning to the other evidence in the record, the court found the promissory note to be the only competent evidence that showed an agreement between the parties, and defendant's signature on the note proved defendant's obligation on the loan.

The promissory note's "Borrowers' Promise to Pay" provision states that "[i]n return for value received," defendant promises to pay $128,250.00 plus interest to plaintiff. The "Interest" provision of the note states:

> Interest shall be charged on the principal amount of ONE HUNDRED TWENTY EIGHT THOUSAND TWO HUNDRED FIFTY AND 00/100 ($128,250.00) DOLLARS, at the annual rate of three (3%) percent for the life of said loan, which principal and interest shall be payable weekly, beginning on March 1, 2012, on the Monday of each and every week <u>for a period of two and one-half (2.5) years until paid in full</u>.
>
> [Emphasis added.]

The "Payments" provision of the note states the repayment terms somewhat differently:

> [Defendant] will pay principal and interest by making payments each and every week. [Defendant] will make the weekly payments on the Monday of every week beginning March 1, 2012. [Defendant] will make these payments every week until all of the principal,

> interest and any other charges described herein that may be owed under this Note are paid in full. <u>If on September 24, 2012, [defendant] still owes amounts under this Note, [defendant] will pay these amounts in full on that date, which is called the "Maturity date" unless otherwise agreed to in writing by the parties.</u>

> [Emphasis added.]

The trial court stated that in spite of this discrepancy, there was "an absence of ambiguity in the contract."

The interpretation of a contract is subject to de novo review. <u>In re. Cty. of Atlantic</u>, 230 N.J. at 254. The promissory note's "Borrowers' Promise to Pay" provision clearly states defendant's obligation to pay the amount in the note plus interest in exchange for value received. Because those terms are clear, they should be enforced as written. <u>Ibid.</u> The contradictions in the "Interest" and "Payments" provisions, as the trial court pointed out, are not material to the issue of whether defendant obligated himself under the terms of the note.

Both parties signed a handwritten May 12, 2014 "To Whom it May Concern" letter stating the amount due on the promissory note. The letter states in part: "This is an agreement between [defendant] and [plaintiff] that the balance owed on the [p]romissory [n]ote date[d] Feb. 1, 2012 is $85,000 plus the interest as stated on the note. . . ." Before signing the letter,

defendant told plaintiff he would have to have his attorney look at the letter. Defendant signed the letter two days later, adding a note next to his signature stating that plaintiff could not pursue criminal charges against defendant regarding bad checks.

The trial court based its determination of damages on the handwritten letter. Defendant argues the handwritten letter was inadmissible under N.J.R.E. 408 for purposes of proving a disputed claim because it was an offer of settlement.

In determining the amount defendant owed plaintiff, the trial court, having rejected both parties' conflicting testimony, relied on the handwritten letter "as reflecting their mutual acknowledgement that that was the amount due under the note at that time." The court did not, however, "find [the letter] to be a binding agreement based on [d]efendant having altered it after [p]laintiff presented it and [p]laintiff's lawyer having characterized it as a settlement proposal that was rejected and [thereafter] withdrawn." Although N.J.R.E. 408 bars introduction of evidence of a settlement to prove the amount of a disputed claim, it allows such evidence when, as here, it is offered for a different purpose.

Defendant argues that he signed the handwritten letter under duress because he was concerned about criminal prosecution and potential imprisonment. Duress is "that degree of constraint or

danger, either actually inflicted or threatened and impending, sufficient in severity or in apprehension to overcome the mind or will of a person of ordinary firmness . . . ." Smith v. Estate of Kelly, 343 N.J. Super. 480, 499 (App. Div. 2001) (quoting Rubenstein v. Rubenstein, 20 N.J. 359, 365 (1956)).

A party seeking to be relieved of his or her contractual obligation must provide "clear and convincing proof" of duress. Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). The trial court found it illogical that defendant would sign the letter and then not make payments if he feared criminal prosecution because "it would only have been his payment, not his signature, that would've secured the forbearance."

The trial court's factual findings were not "clearly mistaken" or so "wide of the mark" that we need "interfere" to prevent "a denial of justice." Gnall, 222 N.J. at 428.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION